IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL ALBERT,<br><br>Plaintiff,<br><br>vs.<br><br>HIEDI ABBOTT, et al.,<br><br>Defendants. | CV 17-00069-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Michael Albert, a prisoner proceeding without counsel, filed a Complaint raising six claims against Defendants alleging denial of medical care, deliberate indifference to his safety, unsafe conditions of confinement, sexual harassment, and discrimination based upon his disability. Mr. Albert's allegations of sexual harassment are insufficient to state a claim and should be dismissed. Defendants will be required to respond to all other allegations in the Complaint.

The Court has considered whether Mr. Albert's allegations of denial of medical care (Counts I and III), deliberate indifference to his safety (Count II), ADA violations (Count IV), and discrimination (Count VI) are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Albert has a reasonable opportunity to prevail on the merits. *See* 42

1

U.S.C. § 1997e(g). Dismissal of these claims is not appropriate at this time and Defendants must respond to the Complaint. *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

In Count V of the Complaint, Mr. Albert alleges Officer Smidt asked him on numerous occasions if he wanted a prison wife. (Complaint, Doc. 2 at 22.) He brings this allegation of sexual harassment against Defendants Smidt, Wood, Noll, Pentland, Cobban, and Martin. "Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Austin v. Terhune*, 367 F.3d 1167, 1171-72 (9th Cir. 2004)(internal citations omitted); *see also Blueford v. Prunty*, 108 F.3d 251, 254–55 (9th Cir. 1997) (holding that prison guard who engaged in "vulgar same-sex trash talk" with inmates was entitled to qualified immunity); *Somers v. Thurman*, 109 F.3d

614, 624 (9th Cir. 1997)("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd.")

Mr. Albert does not allege that there was ever any sexual contact or other physical sexual abuse. He only alleges verbal harassment which is insufficient to rise to the level of a constitutional violation. As such, his allegations fail to state a federal claim for relief and this claim should be dismissed.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Heidi Abbott, Melissa Scharf, Nurse Ally Carl, T. Kohut, C. Winner, K. Fisk, Jorden McDonald, Alvin Fode, Jim Solmensen, Sgt. Weber, John Doe infirmary staff listed in Jorden McDonald's incident report dated March 13, 2017, Sgt. Hebert, Investigator Martin, Russ Danaher, Steve Kremer, Leroy Kirkegard, Abby Martin, and Leslie Thornton to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order as reflected on the Notice of Electronic Filing. If these Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due

within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).[1]

2. The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

* Complaint (Doc. 2);

* this Order;

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in

---

[1]Defendants Smidt, Wood, Noll, Pentland, and Cobban do not need to respond as they have been recommended for dismissal.

letter form.

4. Mr. Albert <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

5. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6. At all times during the pendency of this action, Mr. Albert must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

**RECOMMENDATION**

Count V of the Complaint raising allegations of sexual harassment and Defendants Smidt, Wood, Noll, Pentland, and Cobban should be DISMISSED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Albert may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Albert is being served by mail, he is entitled an additional three (3) days after the

5

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 6th day of November, 2017.

                                                 */s/ John Johnston*
                                                 John Johnston
                                                 United States Magistrate Judge

---

period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL ALBERT,<br><br>Plaintiff,<br><br>vs.<br><br>HIEDI ABBOTT, et al.,<br><br>Defendants. | CV 17-00069-H-DLC-JTJ<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO: Legal Counsel for the Montana
Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the Complaint is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on

1

Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and complaint on Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 6th day of November, 2017.

                                     */s/ John Johnston*
                                     John Johnston
                                     United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.
"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.
If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.
If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL ALBERT,<br><br>Plaintiff,<br><br>vs.<br><br>HIEDI ABBOTT, et al.,<br><br>Defendants. | CV 17-00069-H-DLC-JTJ<br><br>Rule 4 Waiver of the Service of Summons |

TO: The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

1

_____;  _____;

_____;  _____;

_____;  _____;

_____;  _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)