IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL ALBERT,<br><br>Plaintiff,<br><br>vs.<br><br>HEIDI ABBOTT, MELISSA SCHARF, ALLY CARL, TRISTAN KOHUT, CONNIE WINNER, KIMBERLY FISK, JORDEN MCDONALD, ALVIN FODE, JIM SALMONSEN, STEVEN WEBER, MIKE HEBERT, PATRICK MARTIN, STEVE KREMER, RUSS DANAHER, LEROY KIRKEGARD, ABBY MARTIN, and LESLIE THORNTON,<br><br>Defendants. | CV 17-00069-H-DLC-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Defendants Alvin Fode, Jim Salmonsen, Steve Kremer, Russ Dahaher, and Leroy Kirkegard (hereinafter "Defendants")'s Motion to Dismiss Count IV of the Complaint with prejudice on the grounds that Plaintiff Michael Albert cannot assert claims against them individually under the Americans with Disabilities Act (ADA). (Doc. 15.) Mr.

1

Albert did not respond to the motion.

The Court agrees that the ADA does not provide for individual liability. The Court previously described Count IV as an ADA claim (Doc. 9 at 1) but Mr. Albert titled Count IV as an Eighth Amendment claim. (Doc. 2 at 20.) Given that Count IV is titled as an Eighth Amendment claim but raises allegations that could also be construed as ADA claims, the Court must liberally construe Count IV as raising both Eighth Amendment and ADA claims. As such, Defendants' motion should be granted as to Mr. Albert's ADA claims against Defendants in their individual capacities. However, since Mr. Albert names the Defendants in both their individual and official capacities (Doc. 2 at 9), he has effectively named the entity which they represent and Defendant Salmonsen in his official capacity as Interim Warden of Montana State Prison should be required to respond to Mr. Albert's ADA claims.

### A. Motion to Dismiss Standard

Rule 12(b) (6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe

the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cnty of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

    **B. Analysis**

To the extent that Count IV of Mr. Albert's Complaint can be construed as raising ADA claims, it must be dismissed against Defendants in their individual capacities. Title II of the ADA, 42 U.S.C. § 12101 et seq. prohibits discrimination on the basis of a disability in the programs, services or activities of a public entity. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" encompasses state correctional facilities. *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998).

Title II of the ADA, however, does not provide for individual capacity suits against state officials. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *see also Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2nd Cir. 2001); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n. 1 (6th Cir. 1999).

Further, "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002)

The proper defendant in an ADA action is the public entity responsible for the alleged discrimination, not an individual officer. *Everson v. Leis*, 556 F.3d 484, 501 & n. 7 (6th Cir. 2009). State entities can be sued for money damages under Title II of the ADA. *Lovell v. Chandler*, 303 F.3d 1039, 1051 (9th Cir. 2002). Therefore, the proper Defendant in Mr. Albert's ADA Claim is Montana State Prison as an agency for the State of Montana.

Mr. Albert named Defendants in both their individual and official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Therefore, the Court finds that Defendant Salmonsen as Interim Warden of Montana State Prison should be required to respond to the ADA claims raised in Count IV.

Based on the foregoing, the Court issues the following:

## RECOMMENDATIONS

Defendants Fode, Salmonsen, Kremer, Danaher, and Kirkegard's Motion to Dismiss Count IV of the Complaint (Doc. 15) should be GRANTED as to Mr.

Albert's ADA claims raised in Count IV against Defendants in their individual capacities and as to Defendants Fode, Kremer, Dahaher, and Kirkegard in their official capacities.

The motion should be DENIED as to Mr. Albert's Eighth Amendment claims raised in Count IV and as to Defendant Salmonsen in his official capacity as Interim Warden of Montana State Prison with regard to Mr. Albert's ADA claims raised in Count IV and these Defendants should be required to respond to these claims.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Albert is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 3rd day of May, 2018.


*/s/ John Johnston*
John Johnston
United States Magistrate Judge